UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.

KIMBERLY EDWARDS,

     Plaintiff,

v.

CBRE, INC.,

     Defendant.

## **NOTICE OF REMOVAL**

Defendant, CBRE, INC. (hereinafter "CBRE" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Middle District of Florida, Orlando Division, and respectfully shows this Court the following:

### **I. STATEMENT OF THE GROUNDS FOR REMOVAL**

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

### **II. BASIS FOR DIVERSITY JURISDICTION**

1.      Plaintiff, KIMBERLY EDWARDS ("Plaintiff"), commenced this civil action in the Ninth Judicial Circuit Court in and for Osceola County, Florida styled KIMBERLY EDWARDS v. CBRE, INC., CASE NO. 35-2020-CA-001390-AXXXX-XX (the "Action"). Attached hereto as Exhibit "1" is a copy of the original Complaint.

2.      CBRE was served with the original Complaint on or about September 8, 2020. Attached hereto as Exhibit "2" is a copy of the Summons and proof of service of the Complaint on CBRE.

3.      Undersigned counsel received a copy of said Complaint on or about September 10, 2020, and advised Plaintiff on or about September 10, 2020 of Defendant's intention to remove this action. Attached hereto as Exhibit "3" is Defendant's correspondence to Plaintiff's counsel dated September 10, 2020, providing notice of the intent to remove and the accompanying proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.  Plaintiff's counsel refused to execute the Joint Stipulation of Alleged Damages.

4.      Given the potential removal of the matter, Defendant filed a Motion for Extension of Time to Respond to the Complaint and Motion for Extension of Time to Respond to the Discovery served with the Complaint citing how this case could be removed. Attached hereto as Exhibit "4" are Defendant's Motion for Extension of Time to Respond to the Complaint.

5.      On October 5, 2020, following Plaintiff's refusal to execute Defendant's Joint Stipulation of Alleged Damages, Defendant served its Jurisdictional Request for Admissions to Plaintiff, seeking admissions as to the alleged amount in controversy. Attached hereto as Exhibit "5" is Defendant's Jurisdictional Request for Admissions to Plaintiff.

6.      Defendant's Jurisdictional Request for Admissions number one (1) requested that Plaintiff "Admit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint exceeds $75,000.00 dollars, exclusive of interest and costs." Its Jurisdictional Request for Admissions number two (2) requested that Plaintiff "Admit the alleged amount in controversy

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

for all claims alleged by Plaintiff in the Complaint does not exceed $75,000.00 dollars, exclusive of interest and costs." *Id.*

7.      On October 6, 2020, Plaintiff filed and served Plaintiff's Response to Defendant's Request for Admissions. However, Plaintiff did not admit or deny Defendant's Jurisdictional Request for Admissions. Rather, Plaintiff asserted an improper objection and claimed Plaintiff was unable to determine the alleged amount in controversy because Defendant denies liability, causation and damages. Plaintiff also claimed the amount in controversy was an issue to be determined by a jury. Specifically, Plaintiff responded to each of Defendant's Jurisdictional Request for Admissions as follows:

> Objection to the request as phrased. At this time, Plaintiff is unable to admit or deny that the damages in this case exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in its Answer filed in Response to the Complaint. This factual dispute is one which should be proximately resolved by a jury and is inappropriate for a request for admission as to the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry. Notwithstanding same, Plaintiff admits that for jurisdictional purposes, the amount in controversy exceeds $30,000.00, exclusive of interest, costs and attorney's fees.

Attached hereto as part of Exhibit "5" is Plaintiff's Response to Defendant's Request for Admissions.[1]

---

[1] Notably, prior to submitting Plaintiff's Response to Defendant's Request for Admissions, Plaintiff's law firm previously responded in the same manner as in this instance, resulting in the objection being overruled and a proper admission or denial being compelled. *See Kelley v. The Fresh Market, Inc., Case No. 6:19-cv-2278-Orl-40LRH,* D.E. 1-7 (M.D. Fla. 2019).

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

8.      Given Plaintiff's deficient responses to Defendant's Jurisdictional Request for Admissions and refusal to provide amended responses, Defendant filed a Motion to Compel. Attached hereto as part of Exhibit "5" is Defendant's Motion to Compel Proper Responses to Defendant's Jurisdictional Request for Admissions.

9.      On October 15, 2020, the Circuit Court entered an Order referring the Motion to Compel to the General Magistrate. The hearing on Defendant's Motion to Compel was noticed on October 29, 2020 to take place before the General Magistrate on December 11, 2020. Following the hearing on Defendant's Motion to Compel, the General Magistrate requested the parties each submit supplemental authority supporting their respective positions and took the Motion under advisement. On January 28, 2021, the General Magistrate issued its Report and Recommendation, recommending Plaintiff be compelled to provide proper admissions or denials to Defendant's Jurisdictional Request for Admissions. On February 8, 2021, he Circuit Court entered an Order Approving Report and Recommendations of the General Magistrate. Attached hereto as part of Exhibit "5" is the Report of Findings and Recommendations of the General Magistrate and the Order Approving Report and Recommendation of the General Magistrate.

10.     On February 9, 2021, Plaintiff served her Amended Response to Defendant's Request for Admissions, admitting for the first time that the alleged amount in controversy exceeded $75,000.00, exclusive of interest and costs. Attached hereto as part of Exhibit "5" is a true and correct copy of Plaintiff's Amended Response to Defendant's Request for Admissions. Plaintiff's Response to Defendant's Request for Admissions supports that Plaintiff has now assessed her claim as exceeding $75,000.00.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

11.     Plaintiff's Proposal for Settlement was the first paper in the matter from which it could be ascertained that the case is one which is or has become removable.[2] Therefore, the time for removal did not begin to run until November 27, 2019. *See* 28 USC § 1441; *Austin v. Harbour Behavioral Health Care Inst.*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL 2050912 (M.D. Fla. 2007) (Where the basis for federal jurisdiction does not appear in the initial pleading, but arises subsequently, the defendant must file a notice of removal within thirty days after receipt by Defendant of a motion or "other paper" from which it may be first ascertained the case is one which is or has become removable).

12.     While Plaintiff's Complaint is highly vague and ambiguous, this is an alleged personal injury case in which CBRE is alleged to have been negligent because of an unspecified injury Plaintiff purportedly sustained on July 31, 2019 when she fell at an unspecified location outside of a Bealls store at the large premises located at 2802 David Walker Drive, Eustis, Florida. In short, the Complaint alleges Plaintiff somehow slipped and fell on an unidentified "wet ground" while at the subject premises.[3] Subsequently, Plaintiff alleges a host of legal conclusions without any supporting factual allegations.

13.     Defendant CBRE seeks removal to the Middle District of Florida, Ocala Division, the District in which the action is now pending.

---

[2] As noted above, Plaintiff could not even determine whether her own alleged amount in controversy exceeded $75,000.00 at the time she submitted her Response to Defendant's Request for Admissions (October 6, 2020). Plaintiff did not produce any other document or paper supporting the alleged amount in controversy exceeds $75,000.00 prior to service of her February 9, 2020 Amended Response to Defendant's Request for Admissions. Thus, Defendant could not have proven that the alleged amount in controversy exceeded $75,000.00 by a preponderance of the evidence prior to Plaintiff serving her Amended Response.

[3] See Complaint, paragraphs 3 and 5.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

14.     This Notice is filed within thirty (30) days of the date that CBRE first received a copy of Plaintiff's Amended Response to Defendant's Request for Admissions, and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

15.     Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

16.     Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Fifth Judicial Circuit Court in and for Lake County, Florida as required by law.

17.     Attached hereto as part of Exhibit "6" to this Notice as Exhibits are all true and legible copies of all non-discovery related process, pleadings, orders of every kind on file in the Circuit Court.

18.     This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a).  This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

19.     The Amended Complaint states that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff, if she prevails, are not limited in any fashion, however.  Plaintiff alleges that as a result of the alleged negligence, she sustained bodily injury and resulting pain and suffering, disability, loss of capacity for the enjoyment of life, and medical care and treatment expense. Plaintiff further alleged the losses are permanent or continuing.[4]

---

[4] Complaint, paragraph 12.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

20.     Further, Plaintiff's Amended Response to Defendant's Request for Admissions admits the alleged amount in controversy for the claims asserted by Plaintiff in the Complaint exceed $75,000.00.

21.     Plaintiff's counsel also refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. Moreover, Plaintiff did not know what the alleged amount in controversy was at the time she responded to Defendant's Jurisdictional Request for Admissions, on the basis Defendant denied liability. District Courts have held that such a response should be interpreted against Plaintiff. See *CitiFinancial Mortg. Co., Inc. v. Frasure*, No. 06-CV-160, 2008 WL 2199496, at *10 (N.D.Okla. May 23, 2008); see also *Murchison v. Progressive Northern Ins. Co.*, 564 F. Supp. 2d I311 (E.D. Okla. 2008) (opining that an evasive answer to a request for admission regarding the amount of damages will be construed by the court against the Plaintiff.). In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22.     Plaintiff is a citizen of Florida and the Defendant CBRE is a Delaware corporation with its principal place of business located in California at 6400 S. Hope Street, 25th Floor, Los Angeles, CA 90071. CBRE  is therefore a citizen of the State of California for purposes of diversity jurisdiction.

23.     Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought.  Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

Fowler White Burnett P.A. • Brickell Arch, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131 • (305) 789-9200

### III.  <u>CONCLUSION</u>

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendant who is a citizen of California. Accordingly, Defendant CBRE respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

Respectfully submitted,


/s/ *William A. Potucek*
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

William A. Potucek
Fla. Bar No. 100577
Email: wpotucek@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ William A. Potucek
William A. Potucek

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

## SERVICE LIST

CASE NO.

Christopher J. Steinhaus, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
csteinhaus@forthepeople.com
mpaesa@forthepeople.com
jimorgan@forthepeople.com
*Attorney for Plaintiff*

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200